## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LOOK AHEAD AMERICA,** | : | **Case No. 5:22-CV-2081** |
| | : | |
| **and** | : | **Judge _____** |
| | : | |
| **MERRY LYNNE RINI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **COMPLAINT** |
| **v.** | : | |
| | : | |
| **STARK COUNTY BOARD OF ELECTIONS,** | : | |
| **and** | : | |
| **SAMUEL J. FERRUCCIO, JR.,** | : | |
| **and** | : | |
| **FRANK C. BRADEN,** | : | |
| **and** | : | |
| **JAMES F. MATHEWS,** | : | |
| **and** | : | |
| **KODY V. GONZALEZ,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

Come now LOOK AHEAD AMERICA and MERRY LYNNE RINI and, for their

*Complaint*, allege as follows:

### **INTRODUCTION**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges, based upon the First and Fourteenth Amendment to the United States Constitution, the provisions of Ohio's Open Meetings Act (Ohio Rev. Code § 121.22) and Ohio Rev. Code § 2323.51 that allow for the imposition of sanctions against those who bring lawsuits specifically challenging governmental actions but are ultimately unsuccessful in such efforts. Those who bring such lawsuits are engaged in activities specifically protected by the First Amendment, *i.e.*, lawsuits

wherein the plaintiffs are exercising their core political speech rights, their freedom of association, and their right to petition the government for redress of grievances, yet, Ohio's Open Meetings Act (Ohio Rev. Code § 121.22) expressly allows for the imposition of sanctions pursuant to Ohio Rev. Code § 2323.51 but, in so doing, does not require, before sanctions may be imposed, that it be established that the lawsuit was brought in subjective bad faith; instead, the Act, though state court rulings, imposes only an objective standard.  *See State ex rel. DiFranco v. City of S. Euclid*, 144 Ohio St. 3d 571, 45 N.E.3d 987, 2015-Ohio-4915 ¶15 ("'[f]rivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), is judged under an objective, rather than a subjective standard").

2.     This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges, based upon the First and Fourteenth Amendment to the United States Constitution, the provisions of Ohio's Open Meetings Act (Ohio Rev. Code § 121.22) and Ohio Rev. Code § 2323.51 that allow for the imposition of sanctions against those who bring lawsuits specifically challenging governmental actions but are ultimately unsuccessful in such efforts.  Those who bring such lawsuits are engaged in activities specifically protected by the First Amendment, *i.e.*, lawsuits wherein the plaintiffs are exercising their core political speech rights, their freedom of association, and their right to petition the government for redress of grievances, yet, through a decision of a state court, Ohio's Open Meetings Act (Ohio Rev. Code § 121.22) allows for the imposition of sanctions pursuant to Ohio Rev. Code § 2323.51 premised upon it being brought for the "improper purpose" of involving policy or political disputes with the government or government official. *See State ex rel. Ames v. Portage Cty. Bd. of Commrs*., 2022-Ohio-2543 ¶11 (11th Dist.)(affirming imposition of sanctions under the Open Meetings Act when the trial court characterized the lawsuit as being "based upon political opposition to a decision of the majority of the [public body]" and

declaring that such litigation "is not a tool to litigate policy or political disputes").

3.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges, based upon the First and Fourteenth Amendment to the United States Constitution, the provisions of Ohio's Open Meetings Act (Ohio Rev. Code § 121.22) and Ohio Rev. Code § 2323.51 that allow for the imposition of sanctions against those who bring lawsuits specifically challenging governmental actions but are ultimately unsuccessful in such efforts.  Those who bring such lawsuits are engaged in activities specifically protected by the First Amendment, *i.e.*, lawsuits wherein the plaintiffs are exercising their core political speech rights, their freedom of association, and their right to petition the government for redress of grievances, yet, Ohio's Open Meetings Act (Ohio Rev. Code § 121.22) and Ohio Rev. Code § 2323.51 allows for the imposition of sanctions pursuant to Ohio Rev. Code § 2323.51 without a showing and satisfaction of the First Amendment standard of "actual malice".  *See New York Times v. Sullivan*, 376 U.S. 254, 269 (1964)("we are compelled by neither precedent nor policy to give any more weight … to other 'mere labels' of state law….   Like insurrection, contempt, advocacy of unlawful acts, breach of the peace, obscenity, solicitation of legal business, and the various other formulae for the repression of expression that have been challenged in this Court, [such state-ascribed label] can claim no talismanic immunity from constitutional limitations. It must be measured by standards that satisfy the First Amendment").

4.      Plaintiffs seek declaratory judgment that Ohio Rev. Code § 121.22(I)(2)(b) and its which incorporation of the criteria and standards of Ohio Rev. Code § 2323.51 are unconstitutional, both facially and as-applied, as it concerns the imposition or potential imposition of sanctions in unsuccessful claims brought pursuant to Ohio's Open Meeting Act, due to the

failure of such provisions to provide and ensure adequate safeguards for the protection of the full and robust exercise of First Amendment rights by those who challenge and seek to hold the government and governmental officials accountable through the exercise of protected First Amendment activities, *i.e.*, bringing and pursuing lawsuits wherein the plaintiffs are exercising their core political speech rights, their freedom of association, and their right to petition the government for redress of grievances.

5.      Plaintiffs also seek injunctive relief enjoining the Defendants, and all acting at their direction, authority, or behest, from seeking or pursuing enforcement of Ohio Rev. Code § 121.22(I)(2)(b) or Ohio Rev. Code § 2323.51, as such provisions fail to provide and ensure adequate safeguards for the protection of the full and robust exercise of First Amendment rights by those who challenge and seek to hold the government and governmental officials accountable through the exercise of protected First Amendment activities, *i.e.*, bringing and pursuing lawsuits wherein the plaintiffs are exercising their core political speech rights, their freedom of association, and their right to petition the government for redress of grievances.

## JURISDICTION & VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of the rights, privileges, and immunities secured by the United States Constitution; 28 U.S.C. 1343(a)(4), in that it seeks to secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights; 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, to secure declaratory relief; and 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, to secure injunctive relief.

–4–

7.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) as the Defendants transact business within this District and the conduct complained of occurred within this District.

## PARTIES

8.     Plaintiff LOOK AHEAD AMERICA is a non-profit corporation organized in Washington, DC, and is dedicated to empowering everyday Americans by protecting the election process.

9.     Plaintiff MERRY LYNNE RINI is a resident and taxpayer of Stark County, Ohio, and a citizen of the State of Ohio.

10.    Defendant STARK COUNTY BOARD OF ELECTIONS is the four-member public body responsible in Stark County, Ohio, for the enforcement of the election laws of the State of Ohio.

11.    Defendant SAMUEL J. FERRUCCIO, JR., is currently one of the four members of the STARK COUNTY BOARD OF ELECTIONS and is sued in both his individual and official capacities.

12.    Defendant FRANK C. BRADEN is currently one of the four members of the STARK COUNTY BOARD OF ELECTIONS and is sued in both his individual and official capacities.

13.    Defendant JAMES F. MATHEWS is currently one of the four members of the STARK COUNTY BOARD OF ELECTIONS and is sued in both his individual and official capacities.

14.    Defendant KODY V. GONZALEZ is currently one of the four members of the STARK COUNTY BOARD OF ELECTIONS and is sued in both his individual and official capacities.

15.    SAMUEL J. FERRUCCIO, JR., FRANK C. BRADEN, KODY V. GONZALEZ, William S. Cline, and JAMES F. MATHEWS all served, at some time during the course of events

giving rise to the claim herein, as members of the STARK COUNTY BOARD OF ELECTIONS. At some point during the course of events giving rise to the events herein, JAMES F. MATHEWS replaced William S. Cline as a member of the STARK COUNTY BOARD OF ELECTION. References herein to "BOARD MEMBERS" shall refer to the four individuals serving as members of the STARK COUNTY BOARD OF ELECTIONS at the particular time of the specific events being addressed.

16.   With respect to the conduct or threatened conduct at issue herein, all Defendants were operating under color of law.

## ALLEGATIONS

### Litigation Against Governmental Bodies Implicate First Amendment Rights

17.   "[A]bstract discussion is not the only species of communication which the Constitution protects; the First Amendment also protects vigorous advocacy, certainly of lawful ends, against governmental intrusion." *NAACP v. Button,* 371 U.S. 415, 429 (1963).

18.   "[L]itigation is not [necessarily] a technique of resolving private differences; it is [also] a means for achieving the lawful objectives [vis-à-vis the government] in this country…. It is thus a form of political expression." *NAACP v. Button,* 371 U.S. 415, 429 (1963); *accord In re Primus*, 436 U.S. 412, 428 (1978)("[l]itigation…is a form of political expression and association").

19.   "Groups which find themselves unable to achieve their objectives through the ballot frequently turn to the courts."  *NAACP v. Button,* 371 U.S. 415, 429 (1963).

20.   In fact, "under the conditions of modern government, litigation may well be the sole practicable avenue open to a minority to petition for redress of grievances." *NAACP v. Button,* 371 U.S. 415, 430 (1963).

–6–

21.    Accordingly, the Supreme Court has "long…recognized the important political and expressive nature of litigation." *Lehnert v. Ferris Faculty Ass'n*, 500 U.S. 507, 528 (1991); *see In re Primus*, 436 U.S. 412, 428 (1978)("[f]or the ACLU, as for the NAACP, 'litigation is not a technique of resolving private differences'; it is 'a form of political expression'" (quoting *NAACP v. Button*, 371 U.S. 415, 429 & 431 (1963)).

22.    Additionally, within the ambit of its Petition Clause, the First Amendment "protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes.'"  *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011).

23.    Stated otherwise, "the right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government."  *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 896-897 (1984).

24.    Thus, "[s]uing a [government, governmental body, or governmental officials] is a form of petitioning the government for a redress of grievances and is thus protected by the First Amendment."  *O'Boyle v. Sweetapple*, 187 F.Supp.3d 1365, 1370 (S.D. Fla. 2016); *accord In re Lipitor Antitrust Litigation*, 868 F.3d 231, 272 (3d Cir. 2017)("[f]iling a lawsuit essentially petitions the government for redress");  *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019)("a citizen's…lawsuits against the government can clearly constitute protected First Amendment activity"); *Hoeber on Behalf of NLRB v. Local 30*, 939 F.2d 118, 126 (3d Cir. 1991)("[t]he filing of a lawsuit carries significant constitutional protections, implicating the First Amendment right to petition the government for redress of grievances, and the right of access to courts").

25.    Thus, simply stated, litigation against governmental bodies and/or governmental

officials to challenge governmental conduct and actions is cloaked with First Amendment protection as such litigation is an exercise of freedom of speech, freedom of association, and the right to petition the government for the redress of grievances, and is in furtherance of public debate over the conduct, policies, and decisions of such governmental bodies and/or governmental officials.

### Plaintiffs Exercise First Amendment Rights in Challenging Governmental Action

26.    On May 18, 2021, LOOK AHEAD AMERICA and MERRY LYNNE RINI commenced an *Open Meetings Lawsuit* through the filing of a *Complaint* in the Stark County Common Pleas Court against the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS, in a case styled *Look Ahead America v. Stark County Board of Elections*, which was assigned Case No. 2021-CV-00702, with claims arising from Ohio's Open Meetings Act (codified at Ohio Rev. Code § 121.22)

27.    On May 27, 2021, LOOK AHEAD AMERICA and MERRY LYNNE RINI filed an *Amended Complaint* in the Stark County Common Pleas Court against the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS.

28.    Generally speaking, the *Open Meetings Lawsuit* alleged certain meetings of the STARK COUNTY BOARD OF ELECTIONS held in executive session violated or threatened to violate Ohio's Open Meeting Act and, as a result, LOOK AHEAD AMERICA and MERRY LYNNE RINI sought the issuance of a statutory injunction and the invalidation of certain actions resulting therefrom, all pursuant to the Open Meetings Act.   *See* Ohio Rev. Code § 121.22(I)(1)("[u]pon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the

public body to comply with its provisions"); Ohio Rev. Code § 121.22(H)("[a] resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section").

29.    Additionally, generally speaking, the gist of the *Complaint* and *Amended Complaint* was that the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS violated Ohio Open's Meeting Act when they conducted executive sessions (from which the public was excluded) during the course of four meetings under the guise of considering the "purchase of property for a public purpose" even though the nature of the business considered in the executive sessions did not involve or was not limited to the additional statutory limitation that such executive sessions may only occur when "the premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest."  *See University Estates, Inc. v. City of Athens, Ohio*, 2011 WL 796789, 2011 U.S. Dist. LEXIS 19262, at *5 (S.D. Ohio Feb. 25, 2011)("Ohio Revised Code § 121.22(G)(2) provides that a [public body] can go into executive session to consider the purchase of property for public purposes 'if premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest'").

**Defendants, through their Legal Counsel in the *Open Meetings Lawsuit*, Declared They Will Seek Sanctions Against Plaintiffs Under R.C. 121.22(I)(2)(b) for Plaintiffs' Exercise of their First Amendment Rights in Challenging Governmental Action**

30.    On July 11, 2022, in the *Open Meetings Lawsuit*, Magistrate Judge Everett of the Stark County Common Pleas Court conducted a *Final Pretrial Conference* to address matters in advance of a forthcoming bench trial that was scheduled for August 8, 2022.

31.    During the course of the *Final Pretrial Conference*, legal counsel, on behalf of the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS, raised and explicitly declared that, in the event the trial court did not grant the injunctive relief at trial as sought in the *Open Meetings Lawsuit* pursuant to Ohio Rev. Code. 121.22(I)(1), then the STARK COUNTY BOARD OF ELECTIONS and/or the BOARD MEMBERS would seek the imposition of sanctions as explicitly provided for by Ohio Rev. Code § 121.22(I)(2)(b).

32.    On August 8, 2022, during the course of the *Bench Trial* held in the *Open Meetings Lawsuit*, legal counsel, on behalf of the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS, raised and explicitly declared once again that they would be pursuing the imposition of sanctions as explicitly allowed by Ohio Rev. Code § 121.22(I)(2)(b), especially in light of the state court ultimately denying any relief, including injunctive relief, to LOOK AHEAD AMERICA and MERRY LYNNE RINI during and as part of the *Bench Trial* in the *Open Meetings Lawsuit.*

33.    Ohio Rev. Code § 121.22(I)(2)(b) provides in pertinent part:

> If the court of common pleas does not issue an injunction pursuant to division (I)(1) of this section and the court determines at that time that the bringing of the action was frivolous conduct, as defined in division (A) of section 2323.51 of the Revised Code, the court shall award to the public body all court costs and reasonable attorney's fees, as determined by the court.

34.    Ohio Rev. Code § 2323.51(A)(2) defines "frivolous conduct" as including conduct of a party or their counsel in a civil action that satisfies any of the following:

–10–

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

35.   On August 8, 2022, at the conclusion of the presentation of evidence by LOOK AHEAD AMERICA and MERRY LYNNE RINI at the trial held in the *Open Meetings Lawsuit,* the judge presiding over the *Open Meetings Lawsuit* announced *ore tenus* from the bench that she was granting a directed verdict in favor the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS.

36.   On October 20, 2022, and consistent with her *ore tenus* pronouncement during the *Bench Trial* on August 8, 2022, the judge presiding over the *Open Meetings Lawsuit* entered a written entry (constituting a final judgment) dismissing the *Open Meetings Lawsuit* on the merits, thus, divesting the trial court of subject matter jurisdiction.   *See Fiore v. Larger*, 2009-Ohio-5408 ¶26 (2d Dist.)("[the trial court was divested of subject-matter jurisdiction over this matter upon the filing of its final judgment entry").

37.   The declaration by legal counsel for the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS that, in the event the trial court did not grant the injunctive relief at trial as sought in the *Open Meetings Lawsuit* pursuant to Ohio Rev. Code. 121.22(I)(1), then the

STARK COUNTY BOARD OF ELECTIONS and/or the BOARD MEMBERS would seek the imposition of sanctions as explicitly provided for by Ohio Rev. Code § 121.22(I)(2)(b), constitutes a policy, practice, or custom of the STARK COUNTY BOARD OF ELECTIONS, either through such a statement being expressly authorized by the STARK COUNTY BOARD OF ELECTIONS or through such legal counsel being afforded final policy making authority for the STARK COUNTY BOARD OF ELECTIONS with respect to all aspects of the *Open Meetings Lawsuit.*

38.    Alternatively, and based upon information and belief, the declaration by legal counsel for the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS that, in the event the trial court did not grant the injunctive relief at trial as sought in the *Open Meetings Lawsuit* pursuant to Ohio Rev. Code. 121.22(I)(1), then the STARK COUNTY BOARD OF ELECTIONS and/or the BOARD MEMBERS would seek the imposition of sanctions as explicitly provided for by Ohio Rev. Code § 121.22(I)(2)(b), were specifically authorized or approves by one or more of the BOARD MEMBERS and/or legal counsel was being afforded authority for the BOARD MEMBERS with respect to all aspects of the *Open Meetings Lawsuit.*

**Defendants, through their Legal Counsel in the *Open Meetings Lawsuit*, Further Demonstrate the Declaration they will Seek Sanctions is Premised upon Plaintiffs' Exercise of First Amendment Rights in Challenging Governmental Action**

39.    Beyond legal counsel, on behalf of the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS, explicitly declaring, at the *Final Pretrial Conference* and/or during the *Bench Trial,* that the STARK COUNTY BOARD OF ELECTIONS and/or the BOARD MEMBERS would be seeking the imposition of sanctions as explicitly provided for by Ohio Rev. Code § 121.22(I)(2)(b) due to LOOK AHEAD AMERICA and MERRY LYNNE RINI filing and pursuing the *Open Meetings Lawsuit* and not obtaining injunctive relief, the nature of *Discovery*

–12–

*Requests*, the *Exhibit List*, and *Witness List* that the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS tendered in the *Open Meetings Lawsuit* further support and reiterate that their basis by which they will be seeking sanctions is premised upon LOOK AHEAD AMERICA and MERRY LYNNE RINI bringing a lawsuit challenging governmental actions, *i.e.*, lawsuits wherein the plaintiffs are exercising their core political speech rights, their freedom of association, and their right to petition the government for redress of grievances.

40.     During *Discovery* in the *Open Meetings Lawsuit*, the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS tendered to LOOK AHEAD AMERICA the following *Requests for Admissions to LAA:*

> 8.      Admit that Look Ahead's actual purpose in filing the instant lawsuit is to advance Look Ahead's agenda to promote "open source" voting software while frustrating Stark County's efforts to purchase new voting equipment.
>
> **RESPONSE:**

> 9.      Admit that Look Ahead initiated this litigation alleging violations of R.C. 121.22 with intention to effectuate Look Ahead's goal of preventing Stark County from acquiring Dominion voting machines.
>
> **RESPONSE:**

41.     During *Discovery* in the *Open Meetings Lawsuit*, the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS tendered the following *Requests for Admissions* to MERRY LYNNE RINI:

> 1. Admit that You initiated this litigation alleging violations of R.C. 121.22 to achieve the objective of preventing Stark County from acquiring Dominion voting machines.
>
> **RESPONSE:**

42. In advance of the *Bench Trial,* the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS tendered a *Witness List* wherein they identify those individuals who they anticipated to call and the subject of such testimony:

| **Defendants' Trial Witnesses (as if on cross-examination):** | |
|---|---|
| Look Ahead America, Inc. | -Defendants intend to elicit testimony from plantiff by and through its executive director, Matt Braynard, as to the motivations for filing of the complaint and amended complaint herein |
| Matt Braynard | -executive director of Plaintiff Look Ahead America |
| Merry Lynn Rini | -Defendants intend to elicit testimony from plantiff Merry Lynn Rini as to the motivations for filing of the complaint and amended complaint herein |

43. In advance of the *Bench Trial,* the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS tendered an *Exhibit List* wherein they identify the documentary evidence they would seek to offer:

**DEFENDANTS TRIAL EXHBITS:**

| | |
|---|---|
| Exhibit A | Look Ahead web page PDF "LAA's Braynard Calls on Stark County, OH to Reject 'Black Box' Voting Equipment Contract" (Accessed June 30, 2021 https://lookaheadamerica.org/stark/ ) |
| Exhibit B | Look Ahead America February 3, 2021 Press Release: LAA's Braynard Calls on Stark County, OH to Reject 'Black Box' Voting Equipment Contract (Accessed June 30, 2021 https://lookahead.s3.amazonaws.com/LAA_PressRelease_StarkCounty.pdf) |
| Exhibit C | Look Ahead web page PDF "LAA Helps Secure Another Victory Against 'Black Box' Voting Equipment in Stark County, Ohio" (Accessed June 30, 2021 https://lookaheadamerica.org/stark2/) |
| Exhibit D | Look Ahead America March 11, 2021 Press Release: LAA Helps Secure Another Victory Against "Black Box" Voting Equipment in Stark County, Ohio (Accessed June 30, 2021 https://14oqrc3mu9t3duv5t3o92h75-wpengine.netdna-ssl.com/wp-content/uploads/LAA_PressRelease_Stark2.pdf ) |
| Exhibit E | Look Ahead web page PDF "LAA Announces Lawsuit Against Stark County Elections Board Regarding Dominion Voting Equipment" (Accessed June 30, 2021 https://lookaheadamerica.org/starksuit/ ) |
| Exhibit F | Look Ahead America May 18, 2021 Press Release: Look Ahead America Announces Lawsuit Against Stark County Board of Elections for Dominion Contract Vote (Accessed June 30, 2021 https://14oqrc3mu9t3duv5t3o92h75-wpengine.netdna-ssl.com/wp-content/uploads/LAA_PR_StarkSuit.pdf ) |
| Exhibit G | Look Ahead web page PDF "Voter Integrity Reform Policy Objectives" Accessed June 30, 2021 https://lookaheadamerica.org/integrity/ ) |
| Exhibit H | Video: "Look Ahead America's Braynard Calls on Stark County, OH to Reject 'Black Box' Voting Equipment Contract" (Accessed June 30, 2021 Video URL: https://youtu.be/sOCTQcnLXm4 via https://lookaheadamerica.org/stark/ ) |

44. As indicated by the *Witness List*, the entire focus directed towards LOOK AHEAD AMERICA and MERRY LYNNE RINI by the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS concerned the motivation or purpose of LOOK AHEAD AMERICA and MERRY LYNNE RINI in bringing the *Open Meetings Lawsuit* and further reënforces the

declaration of legal counsel, on behalf of the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS, that, in the event the trial court did not grant the injunctive relief at trial as sought in the *Open Meetings Lawsuit* pursuant to Ohio Rev. Code. 121.22(I)(1), then the STARK COUNTY BOARD OF ELECTIONS and/or the BOARD MEMBERS would seek the imposition of sanctions as explicitly provided for by Ohio Rev. Code § 121.22(I)(2)(b).

45.  As indicated by the *Exhibit List*, the entire focus directed towards LOOK AHEAD AMERICA and MERRY LYNNE RINI by the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS concerned the motivation or purpose of LOOK AHEAD AMERICA and MERRY LYNNE RINI in bringing the *Open Meetings Lawsuit* and further reënforces the declaration of legal counsel, on behalf of the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS, that, in the event the trial court did not grant the injunctive relief at trial as sought in the *Open Meetings Lawsuit* pursuant to Ohio Rev. Code. 121.22(I)(1), then the STARK COUNTY BOARD OF ELECTIONS and/or the BOARD MEMBERS would seek the imposition of sanctions as explicitly provided for by Ohio Rev. Code § 121.22(I)(2)(b).

46.  As indicated by the specific *Requests for Admissions to LAA* and *Requests for Admissions to Rini* identified above, the entire focus of such requests directed to LOOK AHEAD AMERICA and MERRY LYNNE RINI by the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS concerned the motivation or purpose of LOOK AHEAD AMERICA and MERRY LYNNE RINI in bringing the *Open Meetings Lawsuit* and further reënforces the declaration of legal counsel, on behalf of the STARK COUNTY BOARD OF ELECTIONS and the BOARD MEMBERS, that, in the event the trial court did not grant the injunctive relief at trial as sought in the *Open Meetings Lawsuit* pursuant to Ohio Rev. Code. 121.22(I)(1), then the

STARK COUNTY BOARD OF ELECTIONS and/or the BOARD MEMBERS would seek the imposition of sanctions as explicitly provided for by Ohio Rev. Code § 121.22(I)(2)(b).

47.    Notwithstanding the entry of a final judgment entry in the *Open Meetings Lawsuit*, *see paragraph 36, supra*, Ohio Rev. Code § 2323.51(B)(1) allows for the filing of a motion seeking sanctions "at any time not more than thirty days after the entry of final judgment in a civil action", said deadline being imminent, *i.e.*, November 21, 2022.

48.    Thus, notwithstanding the entry of a final judgment in the *Open Meetings Lawsuit* and the divesture of subject matter jurisdiction of the Stark County Common Pleas Court over the *Open Meetings Lawsuit*, LOOK AHEAD AMERICA and MERRY LYNNE RINI experience an injury in fact as they still face the real and imminent threat of enforcement against them of the sanctions provision of the Open Meeting Act (Ohio Rev. Code § 121.22(I)(2)) and the underlying law allowing for the imposition of sanctions (Ohio Rev. Code § 2323.51), for simply bringing a lawsuit challenging governmental actions, *i.e.*, the *Open Meetings Lawsuit* wherein the plaintiffs were exercising their core political speech rights, their freedom of association, and their right to petition the government for redress of grievances.

49.    Accordingly, and notwithstanding the entry of a final judgment in the *Open Meetings Lawsuit* and the divesture of subject matter jurisdiction of the Stark County Common Pleas Court over the *Open Meetings Lawsuit*, LOOK AHEAD AMERICA and MERRY LYNNE RINI experience an injury in fact as they still face the real and imminent threat of having sanctions sought against them by the STARK COUNTY BOARD OF ELECTIONS and/or the BOARD MEMBERS for simply bringing a lawsuit challenging governmental actions, *i.e.*, the *Open Meetings Lawsuit* wherein the plaintiffs were exercising their core political speech rights, their

freedom of association, and their right to petition the government for redress of grievances.

50.    Additionally, and, notwithstanding the entry of a final judgment in the *Open Meetings Lawsuit* and the divesture of subject matter jurisdiction of the Stark County Common Pleas Court over the *Open Meetings Lawsuit*, LOOK AHEAD AMERICA and MERRY LYNNE RINI experience a further injury in fact as they still face the real and imminent threat of having to defend against a motion for sanctions under Ohio Rev. Code § 121.22(I)(2)(b) and the underlying law allowing for the imposition of sanctions (Ohio Rev. Code § 2323.51), when such statutes seek to directly punish the exercise of First Amendment rights but does not provide adequate protection and constitutional safeguards, including, without limitation, a requirement that (1) the litigation was brought in subjective bad faith, and (2) the litigation was objectively baseless.  *See iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1377 (Fed. Cir. 2011)("absent misconduct during patent prosecution or litigation, sanctions may be imposed against a plaintiff only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless" (citations omitted)).

51.    Additionally, and, notwithstanding the entry of a final judgment in the *Open Meetings Lawsuit* and the divesture of subject matter jurisdiction of the Stark County Common Pleas Court over the *Open Meetings Lawsuit*, LOOK AHEAD AMERICA and MERRY LYNNE RINI experience a further injury in fact as they still face the real and imminent threat of having to defend against a motion for sanctions under Ohio Rev. Code § 121.22(I)(2)(b) and the underlying law allowing for the imposition of sanctions (Ohio Rev. Code § 2323.51), when such statutes seek to directly punish the exercise of First Amendment rights but does not require establishment by clear and convincing evidence of "actual malice" consistent with *New York Times v. Sullivan*, 376 U.S. 254, 269 (1964), *i.e.*, that one knew an action was frivolous or was reckless with regard as to

whether it was frivolous. *See New York Times v. Sullivan*, 376 U.S. 254, 269 (1964)("we are compelled by neither precedent nor policy to give any more weight … to other 'mere labels' of state law…. Like insurrection, contempt, advocacy of unlawful acts, breach of the peace, obscenity, solicitation of legal business, and the various other formulae for the repression of expression that have been challenged in this Court, [such state-ascribed label] can claim no talismanic immunity from constitutional limitations. It must be measured by standards that satisfy the First Amendment").

52. Additionally, and, notwithstanding the entry of a final judgment in the *Open Meetings Lawsuit* and the divesture of subject matter jurisdiction of the Stark County Common Pleas Court over the *Open Meetings Lawsuit*, LOOK AHEAD AMERICA and MERRY LYNNE RINI experience a further injury in fact as they still face the real and imminent threat of having to defend against a motion for sanctions under Ohio Rev. Code § 121.22(I)(2)(b) and the underlying law allowing for the imposition of sanctions (Ohio Rev. Code § 2323.51), when such statutes seek to directly punish the exercise of First Amendment rights but any appellate review thereof by any state court would only involve an abuse of discretion standard, even though "[i]n cases raising First Amendment issues[,] an appellate court has an obligation to make an independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013)(quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 17 (1990)); *see State ex rel. Striker v. Cline*, 130 Ohio St. 3d 214, 957 N.E.2d 19, 2011-Ohio-5350 ¶11 ("[w]e will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent an abuse of discretion").

53.    "Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right.'"   *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

54.    Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

55.    Plaintiffs have suffered and threat to continue to suffer an infringement of the First Amendment rights arising from the facts stated herein.

56.    In order to prevent further said violation or threatened violation of the constitutional rights of Plaintiff, as well as others who seek to engage in protect First Amendment activities through litigation against governments and government officials, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, that decrees that Ohio's Open Meetings Act (Ohio Rev. Code § 121.22) in conjunction with R.C. 2323.51 is facially unconstitutional and/or as-applied in the context of when plaintiffs bring lawsuits to challenge governmental actions or decisions, *i.e.*, when such lawsuits are brought as part of the plaintiffs exercising their First Amendment rights, including exercising core political speech rights, their freedom of association, and their right to petition the government for redress of grievances;

57.    Pursuant to 28 U.S.C. § 2202, it is appropriate and hereby requested that this Court issue appropriate injunctive relief, enjoining Defendants, and all acting at their direction, authority, or behest, from seeking or pursuing enforcement of Ohio Rev. Code § 121.22(I)(2)(b), which directly incorporates the criteria and standards of Ohio Rev. Code § 2323.51, as when any

underlying lawsuit is are brought as part of the plaintiffs exercising their First Amendment rights, including exercising core political speech rights, their freedom of association, and their right to petition the government for redress of grievances.

58. Pursuant to 28 U.S.C. § 2202, it is appropriate and hereby requested that this Court issue appropriate injunctive relief, enjoining Defendants, their agent, employees, and all persons acting in active concert with them or at their direction, from seeking the imposition of sanctions arising from any unsuccessful lawsuits brought in order to enforce Ohio's Open Meetings Act (Ohio Rev. Code § 121.22), including, without limitation, against LOOK AHEAD AMERICA and MERRY LYNNE RINI in the *Open Meetings Lawsuit* or any other lawsuits brought under said Open Meetings Act.

WHEREFORE, Plaintiffs LOOK AHEAD AMERICA and MERRY LYNNE RINI pray for judgment against the Defendants and in their favor, including:

A. Issuance of a declaratory judgment that the statutory authority to impose sanctions for unsuccessful lawsuits brought in order to enforce Ohio's Open Meetings Act (Ohio Rev. Code § 121.22) is facially unconstitutional and/or as-applied in the context of when such lawsuits are brought to challenge governmental actions or decisions, *i.e.*, when such lawsuits are brought as part of the plaintiffs exercising their core political speech rights, their freedom of association, and their right to petition the government for redress of grievances;

B. Issuance of appropriate injunctive relief so as to enjoin Defendants, their agent, employees, and all persons acting in active concert with them or at their direction, from seeking the imposition of sanctions arising from any unsuccessful lawsuits brought in

order to enforce Ohio's Open Meetings Act (Ohio Rev. Code § 121.22), including, without limitation, against LOOK AHEAD AMERICA and MERRY LYNNE RINI in the *Open Meetings Lawsuit* or any other lawsuits brought under said Open Meetings Act;

C.    Awarding attorney fees and costs, pursuant to 42 U.S.C. § 1988;

D.    Granting such other relief to which Plaintiffs may be entitled, in law or in equity.

Respectfully submitted,

_/s/ Curt C. Hartman_____

Christopher P. Finney                          Curt C. Hartman
FINNEY LAW FIRM LLC                            THE LAW FIRM OF CURT C. HARTMAN
4270 Ivy Point Blvd., Suite 225                7394 Ridgepoint Drive, Suite 8
Cincinnati, OH    45245                        Cincinnati, OH    45230
(513) 943-6655                                 (513) 379-2923
*chris@finneylawfirm.com*                      *hartmanlawfirm@fuse.net*

                                               *Attorneys for Plaintiffs Look Ahead*
                                               *American and Merry Lynne Rini*